IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL RHYMES PETTY,

                                Plaintiff,

v.                                                       OPINION and ORDER

KATHIE E. KLINGER-BERG,                       23-cv-867-wmc

                                Defendant.

---

Plaintiff Daniel Rhymes Petty, who is representing himself, is proceeding on a claim that a nurse at Stanley Correctional Institution violated his Eighth Amendment rights by failing to respond reasonably when he was experiencing a seizure and back spasms. Specifically, plaintiff alleges that defendant knew that he had a history of seizures and back spasms, but that on August 2, 2023, she responded to his experiencing such by injecting him twice with excessive amounts of Narcan and smacking him in the face. Defendant has filed a motion for summary judgment on the ground that plaintiff did not exhaust his administrative remedies before filing suit. (Dkt. #21.) For the reasons below, defendant's motion will be granted, and this case will be dismissed.

OPINION

A plaintiff who is confined in prison and who is challenging prison conditions must exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a). This means that the prisoner must take all steps within the administrative process, including filing initial grievance and necessary appeals. *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005); *Pozo v.*

*McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code Ch. DOC 310. A prisoner starts the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days of the challenged incident. § DOC 310.07(2). Once the complaint is received, the inmate complaint examiner must either reject the complaint or send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt. *Id.* § DOC 310.10(9). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within 10 days. *Id.* § DOC 310.10(10).

The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006). This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

Here, defendant argues that she is entitled to summary judgment because plaintiff filed only one inmate complaint related to his claim against her, but it was rejected by the inmate complaint examiner. Specifically, plaintiff filed inmate complaint SCI-2023-12517, in which he accused defendant of assaulting him on August 2, 2023. However, the inmate complaint examiner did not receive plaintiff's complaint until August 22, 2023, so the inmate complaint

2

examiner rejected it for being beyond the 14-day time limit found in Wis. Admin Code § DOC 310.07(2). (Dkt. #24-2, at 4, 6.) The inmate complaint examiner further found that plaintiff did not provide good cause for his untimely inmate complaint. (*Id.*) Upon rejecting plaintiff's inmate complaint, plaintiff was informed that he could appeal the rejection within 10 days to the appropriate reviewing authority. (*Id.* at 2.) However, plaintiff did not appeal the inmate complaint examiner's recommendation.

In his opposition brief, plaintiff argues that he filed other complaints about his medical treatment. He also submits medical records showing that defendant was aware of his medical conditions. However, neither his complaints nor medical records address the specific August 2, 2023 incident at issue in this case. Thus, it is undisputed that plaintiff's only relevant inmate complaint was rejected as untimely. However, plaintiff cannot fulfill the exhaustion requirement "by the filing of an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84; *see also Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("[A] prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement."); *Torry v. Salter*, No. 11-cv-748-wmc, 2013 WL 6238608, at *3 (W.D. Wis. Dec. 3, 2013) ("Regardless of the exact reason for rejecting the complaint, a rejected complaint cannot be exhausted.") (citations omitted). Moreover, he failed to appeal the rejected complaint. And, although plaintiff says he did not appeal because he did not know where to send his appeal, page two of the rejection form directed him to send any appeal to the Institution Complaint Examiner and provides an address. (Dkt. #24-2, at 3.)

In sum, defendant has shown that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Defendant's motion will be granted, and plaintiff's claim will be

dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (noting that all dismissals for failure to exhaust should be without prejudice).

ORDER

IT IS ORDERED that:

1) Defendant Kathie Klinger-Berg's motion for summary judgment (dkt. #21) is GRANTED.

2) Plaintiff's claim in this case is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his administrative remedies before filing suit.

3) Defendant's motion to stay (dkt. #32) is DENIED as moot.

4) The clerk of court is directed to enter judgment and close this case.

Entered this 20th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge